# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**George A. Slonaker II,**
**Petitioner Below, Petitioner**

**vs) No. 13-0474** (Hampshire County 11-C-05)

**Debra Minnix, Warden, Prunytown Correctional Center,**
**Respondent Below, Respondent**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner George A. Slonaker II, by counsel James O. Heishman, appeals the "Order Denying Petitioner's Petition for Writ of Habeas Corpus" entered by the Circuit Court of Hampshire County on April 23, 2012. The State of West Virginia in the name of Debra Minnix, Warden, by counsel Laura Young, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 12, 2009, petitioner was driving and attempting to pass another vehicle in a no passing zone. He struck the other vehicle, causing both vehicles to roll over. The driver of the other vehicle was killed and the passenger in the other vehicle was severely injured. Petitioner admitted that he had been drinking, and his blood alcohol level was found to be .02.

On February 22, 2010, pursuant to a written plea agreement, petitioner pled guilty to one count of driving under the influence ("DUI") causing death with reckless disregard of the safety of others, a felony pursuant to West Virginia Code § 17C-5-2(a)(3); and DUI causing bodily injury, a misdemeanor pursuant to West Virginia Code § 17C-5-2(c)(2). In exchange, the State agreed to dismiss two other counts: negligent homicide and second offense DUI. The State also agreed not to seek a recidivist enhancement based upon petitioner's prior felony conviction. The circuit court conducted a plea colloquy in accordance with Rule 11 of the West Virginia Rules of Criminal Procedure and *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), and heard a proffer of the evidence. The court determined that the guilty pleas were voluntary, and accordingly, the court adjudged petitioner guilty of DUI causing death with reckless disregard and DUI causing bodily injury.

On April 13, 2010, petitioner was sentenced to the statutory sentences of two to ten years in prison and a fine of $1,000 for the felony conviction, plus one year in jail and a fine of $200

for the misdemeanor conviction, with the sentences of incarceration to run consecutively. Petitioner filed a motion to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied the Rule 35(b) motion, and we affirmed that denial in a memorandum decision issued on June 17, 2011.

Thereafter, petitioner filed the instant petition for post-conviction habeas corpus in circuit court. The circuit court denied the habeas petition on all grounds by order entered April 23, 2012. Petitioner now appeals the habeas order to this Court. We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Although he asserted several errors in the habeas petition he filed in circuit court, petitioner argues just one issue on appeal to this Court: that the circuit court erred in denying his petition for habeas corpus because his defense counsel was constitutionally ineffective. We consider ineffective assistance of counsel claims under the following framework.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). This framework also applies when a conviction is the result of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52 (1985). The circuit court concluded that petitioner proved neither prong of the *Strickland* test. For the reasons set forth below, we agree.

As to the first prong of the *Strickland* test, petitioner argues that his lawyer was deficient for failing to sufficiently discuss the case with him before he pled guilty. He acknowledges that they spoke by telephone and in person on more than one occasion, but he feels that only one of his meetings with counsel was meaningful and informative. He argues that one informative meeting was not adequate for counsel to investigate the case, and that counsel's lack of effort to discuss the case with him caused him to be unable to make a knowledgeable and informed decision about the guilty pleas.

Although petitioner did not call his former lawyer as a witness at the habeas hearing, the circuit court reviewed counsel's billing records submitted to West Virginia Public Defender Services. The court found that those records reflect multiple telephone and in-person discussions with petitioner and petitioner's wife. Counsel also filed motions to obtain evidence and had

petitioner evaluated for competency. Even after the benefit of time and the habeas evidentiary hearing, petitioner does not specify what counsel failed to do in the investigation, or what topic counsel failed to address during their discussions. During the plea hearing, petitioner expressed satisfaction with his lawyer and indicated that the plea bargain was in his best interests.

Petitioner also asserts that his lawyer pressured him into signing the plea agreement by making him feel that his only options were to plead guilty or be convicted at trial, and that this pressure occurred at a time when he was emotionally distraught due to the victim's death. However, during the plea hearing, petitioner told the court that his guilty pleas were freely and voluntarily made. Moreover, we cannot conclude that counsel was ineffective for recommending the plea agreement to petitioner. There was extensive evidence of petitioner's guilt, including a confession and the fact that his blood alcohol level was over twice the legal limit. His crimes caused the death of one victim and serious harm to the other victim. By accepting the plea agreement, petitioner avoided the possibility of conviction and sentencing on two additional charges for which he had been indicted, and he avoided the imposition of a recidivist sentence.

Accordingly, we find no error in the circuit court's finding that counsel was not deficient under an objective standard of reasonableness.[1] Furthermore, even if we assume *arguendo* that counsel was ineffective, the circuit court correctly found that petitioner also did not prove the second, or prejudice, prong of the *Strickland* test.

In *Hill v. Lockhart*, the United States Supreme Court applied the *Strickland* test to a guilty plea conviction. The Supreme Court explained that the "prejudice" prong of the test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*, 474 U.S. at 59 (footnote omitted).

Petitioner has failed to show that but for counsel's representation, he would have insisted on going to trial, or that the outcome of a trial would have been more favorable than the outcome pursuant to his plea agreement. As set forth above, there was extensive evidence against petitioner and he benefited from the dismissal of charges. Petitioner fails to explain how he could have done any better had he gone to trial.

For the foregoing reasons, we affirm.

Affirmed.

---

[1] In the "statement of the case" portion of his brief to this Court, petitioner mentions other examples that he asserted to the circuit court as to why he thinks his lawyer's performance was deficient. These are not discussed in the argument section of his appellate brief. However, we have reviewed his brief and the record on appeal, and even if these issues had been properly briefed in the appellate argument, our decision would be the same.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II